PEARSON, Chief Judge.
The appellant changed his plea from not guilty to guilty upon a charge of murder in the first degree. He was adjudicated guilty and sentenced to life imprisonment. Some four and one-half years later he brought a motion to vacate the judgment and sentence under Fla. CrPR 1.850, 33 F. S.A. Although other grounds for relief were alleged in the motion, the burden of this appeal is that the trial court erred in denying the motion without an evidentiary hearing upon the ground that appellant was not properly advised by counsel and the court upon the consequences of his change of plea.
The trial judge denied the motion without an evidentiary hearing upon a holding that the record clearly refuted appellant’s claim for relief. As pertains to the ground for relief with which we are now concerned, appellant’s allegations in his motion are: (1) that he “had very limited knowledge” of the English languáge; (2) that he “had no opportunity” to discuss his rights of trial or the consequences of his change of plea with his court-appointed attorney; (3) that the trial court failed to fully advise him upon the consequences of a plea of guilty to the charge of murder in the first degree.
*501 It must be admitted that under the circumstances of this case, where the appellant was represented by one of the most experienced and able members of the bar practicing before the criminal courts, the allegations set forth above are somewhat incredulous. In addition this guilty plea was accepted prior to the United States Supreme Court decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, and the publication of Fla. CrPR l:170(a). Nevertheless we are convinced from our examination of the record that the trial judge erroneously denied appellant’s motion without .an evidentiary hearing. The right in Florida to be advised upon and intelligently make a plea of guilty to this most serious crime anti-dates the pronouncements of a constitutional right therein by the Supreme Court of the United States. Cf. Reddick v. State, Fla.App.1966, 190 So.2d 340.
Accordingly the order denying the motion to vacate is affirmed in part and reversed in part and remanded for an evi-dentiary hearing upon petitioner’s allegation that his plea of guilty was entered without the opportunity for legal counsel and without an intelligent explanation of the consequences of his change of plea.
Reversed and remanded.